

**ORDERED in the Southern District of Florida on June 19, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                          Case No. 13-21573-EPK

TP5, LLC,                                                       Chapter 11

    Debtor.
_____/

ORDER SHORTENING TIME FOR FILING PROOFS OF CLAIM, ESTABLISHING
PLAN AND DISCLOSURE STATEMENT FILING DEADLINES,
AND ADDRESSING RELATED MATTERS

THIS ORDER CHANGES A PREVIOUSLY SET CLAIMS BAR DATE

       THIS CASE came before the Court for status conference pursuant to 11 U.S.C. §105(d) on May 30, 2013 (the "Status Conference").  The Court considered the circumstances of this case and the positions of the Debtor and other parties in interest presented at the Status Conference.  To ensure that this case proceeds in an efficient manner the Court finds it appropriate to implement the procedures described in this order governing the filing of a plan of reorganization (a "Plan") and related disclosure statement (a "Disclosure Statement").  Accordingly, it is **ORDERED** as follows:

1

1.      **Claims Bar Date**.  Any Creditor (other than a governmental unit) or equity security holder whose claim or interest is not scheduled or is scheduled as disputed, contingent, or unliquidated, shall file a proof of claim or interest on or before August 15, 2013.  Governmental units shall file a proof of claim no later than 180 days after the date of the order for relief.  **THIS PARAGRAPH CHANGES A PREVIOUSLY SET CLAIMS BAR DATE**

2.      **Deadline for Filing Plan and Disclosure Statement**.  The Debtor shall file a Plan and Disclosure Statement on or before September 16, 2013 (the "Filing Deadline").  This deadline does not affect the deadline imposed on single asset real estate debtors pursuant to 11 U.S.C. § 362(d)(3).

3.      **Contents of Disclosure Statement**.  The Disclosure Statement must meet the requirements of 11 U.S.C. § 1125.  Without limiting the generality of the foregoing, the Disclosure Statement shall, at a minimum, contain adequate information pertaining to the Debtor in the following areas:

   (a)   Pre- and post-petition financial performance;

   (b)   Reasons for filing chapter 11;

   (c)   Steps taken since filing of the petition to facilitate reorganization;

   (d)   Projections reflecting how the Plan will be feasibly consummated; and

   (e)   A liquidation analysis.

4.      **Proposed Text under Bankruptcy Rule 2002(c)(3)**.  If the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, a release of non-debtor parties, or a similar provision, concurrently with the filing of the proposed Disclosure Statement and Plan the Debtor shall file a *Notice of Filing of Proposed Text Required by Bankruptcy Rule 2002(c)(3) for Inclusion in Order Conditionally Approving Disclosure Statement*, setting forth text the Debtor wishes the Court to include in any order approving or conditionally approving the Disclosure Statement.  <u>Failure to file this Notice in a timely manner may result in continuation or cancellation of the Confirmation Hearing (defined below), denial of approval of the Disclosure Statement, denial of confirmation of the Plan, termination of the Debtor's exclusive right to file and/or seek acceptance of a plan, appointment of a trustee, conversion of the case, dismissal of the case, or any other remedy deemed appropriate by the Court</u>.

5.      **Debtor May Request Conditional Approval of Disclosure Statement and Consolidated Hearing on Disclosure Statement and Plan Confirmation**.  Pursuant to 11 U.S.C. § 105(d)(2)(B)(vi), the Debtor may file with the Disclosure Statement a motion requesting that the Court conditionally approve the Disclosure Statement and requesting that  the hearing on final approval of the Disclosure Statement  be consolidated with the hearing on confirmation of the Plan (the "Confirmation Hearing").  If the Debtor files such a motion, the Court will review the Disclosure Statement to determine whether it contains adequate information as required under 11 U.S.C. § 1125.  If the Court finds the Disclosure

Statement adequate, the Court may enter an order substantially in the form of Local Form 64A conditionally approving the Disclosure Statement and fixing related deadlines, and including the Debtor's proposed text pursuant to Bankruptcy Rule 2002(c)(3), if applicable. If the Court does not grant conditional approval of the Disclosure Statement, the Court will enter an order substantially in the form of Local Form 32A setting a hearing on the Disclosure Statement and fixing related deadlines.

6. **Dismissal or Conversion of the Case**.

    (a)    If the Debtor fails to file a Plan and a Disclosure Statement on or before the Filing Deadline, the Court may set a hearing to determine whether this case should be dismissed or converted pursuant to 11 U.S.C. § 1112(b).

    (b)    If a Plan is not confirmed at the Confirmation Hearing the Court will consider whether the case should be dismissed or converted under 11 U.S.C. § 1112(b).

# # #

Copies furnished to:

Brett A. Elam, Esq.

Brett A. Elam, Esq. is directed to serve a copy of this order on all creditors, all equity security holders, the United States Trustee, and all other parties in interest, including without limitation those parties listed on the "Master Service List" if required to be filed pursuant to Local Rule 2002-1(H), and to file a certificate of service attesting to the same.